# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MANUEL PARRADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-00326-WTL-MJD |
| | ) | |
| LEANN LARIVA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas**
**Corpus and Directing Entry of Final Judgment**

**I.**

**Background**

Manuel Parrado is confined at the Federal Correctional Complex in Terre Haute, Indiana. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He was convicted of drug offenses in the Southern District of Florida and sentenced to imprisonment for life. His conviction and sentence were affirmed on appeal. *United States v. Parrado,* 911 F.2d 1567 (11th Cir. 1991). He filed a motion to vacate pursuant to 28 U.S.C. § 2255. The trial court denied that motion on May 12, 1998. A subsequent § 2255 motion was dismissed for lack of jurisdiction on May 6, 2002 because the necessary authorization for such a filing had not been given. A previous action for habeas relief pursuant to § 2241 was filed in the United States District Court for the Western District of Tennessee, was docketed as No. 2:04-cv-02412-JDB-dkv, and was dismissed on June 23, 2004. In the present case, as in the prior habeas action, Parrado challenged the lawfulness of his life sentence. He also challenged his sentence in his direct appeal.

**Discussion**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances.

A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Nevertheless, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence). A motion for relief pursuant to § 28 U.S.C. § 2255 is a collateral challenge. *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000).

Parrado's habeas action in Tennessee was rejected because the savings clause of § 2255(e) did not permit him to proceed there.

The savings clause of § 2255(e) does not give Parrado a further bite at the post-conviction relief apple in this case. No argument he presents dictates otherwise. Apart from the barrier created by § 2244(a), moreover, in order to take advantage of the savings clause Parrado must rely on a decision that was not available to him during proceedings on his motion to vacate. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998). He does not do so and does not come close to doing so.

## Conclusion

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000); *see also Swanson v. Lariva*, 2014 WL 4705396 (S.D.Ind. Sept. 22, 2014). The petitioner had that opportunity and he used it. He is not entitled to more.

Parrado's petition for writ of habeas corpus is denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:4/8/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MANUEL PARRADO
10592-004
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel